UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRANDON KYLE ARDOIN** | **CASE NO.  2:20-CV-01088** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CITIBANK N. A. ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Citibank, N. A.'s Motion to Dismiss" (Rec. 8) wherein Defendant Citibank, N.A. ("Citibank") seeks to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Citibank maintains that Plaintiff Brandon Kyle Ardoin's claims are time-barred.

## FACTUAL ALLEGATIONS

Plaintiff Brandon Kyle Ardoin makes the following allegations in his Complaint originally filed in state court and subsequently removed to federal court by Defendants. Ardoin sued Defendants Citibank, N.A. ("Citibank"), Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") for credit reporting errors and violations.  Transunion, Experian, and Equifax are credit reporting agencies.

Prior to 2014, Ardoin applied for and received a Sears Mastercard credit card from Citibank.  Ardoin made his monthly payments and ultimately paid the balance on the card in 2017. Ardoin alleges that Citibank erroneously reported his Sears credit card as a charged off account to Equifax, Experian and TransUnion which caused these agencies to

erroneously report Ardoin's Sears account as a charged off account on his consumer reports, negatively impacting his credit rating.[1] Ardoin alleges that he was never more than thirty days late in paying his monthly installments.[2]

On or about March 18, 2017, May 19, 2017, July 19, 2017, September 29, 2017, December 1, 2017, January 31, 2018, April 3, 2018, June 3, 2018, August 3, 2018, October 3, 2018, December 3, 2018, February 2, 2019, April 5, 2019, April 12, 2019, June 7, 2019, August 14, 2019, October 14, 2019, December 14, 2019, April 29, 2020, and May 11, 2020, Ardoin disputed the late payments and/or charged off notation regarding the Sears credit card to Equifax.[3] On or about March 22, 2017, May 26, 2017, July 27, 2017, September 26, 2017, December 2, 2017, February 2, 2018, April 10, 2018, June 11, 2018, August 13, 2018, November 13, 2018, February 12, 2019, April 12, 2019, and November 8, 2019, Ardoin disputed the late payments and/or charged off notation to Trans Union.[4] On or about June 20, 2017, December 19, 2017, June 19, 2018, December 18, 2018, April 12, 2019, June 19, 2019, December 18, 2019, and April 29, 2020, Ardoin disputed the late payments and/or charged off notation to Experian.[5]

Ardoin maintains that the three (3) reporting agencies failed to perform a reasonable investigation of the disputes and failed to remove the disputed and erroneous late payments and charged off notation from his consumer report.  Ardoin also maintains that Citibank failed to perform a reasonable investigation of the disputed Citibank Sears account which

---

[1] Doc. 11-, Complaint, ¶ 9.
[2] Id. ¶ 8.
[3] Id. ¶¶ 10, 25, 34, 37, 46, 52, 58, 67, 73, 79, 85, 91, 97, 103, 109, 112, 118, 127, 130.
[4] Id. ¶¶ 13, 19, 28, 31, 40, 49, 55, 61, 70, 76, 88, 100, 115.
[5] Id. ¶ 22, 43, 64, 82, 94, 106, 121, 124.

caused the erroneous charge off and late payments to continue to be included on his consumer reports. Consequently, the erroneous charge off and thirty-day late notations continued to be published to third parties as a part of Equifax, Experian and Transunion consumer reports.

Ardoin complains that because of Defendants' actions and omissions, he has suffered financial loss, mental anxiety, emotional suffering, physical pain, worry, embarrassment, humiliation, and mental distress, in addition to litigation expenses.

## **RULE 12(B)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that A >a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.= @ *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff=s complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff=s complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to

dismiss an action for failure to state a claim Aadmits the facts alleged in the complaint, but challenges plaintiff=s rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int=l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

AIn order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . .@ *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). ALegal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.@ *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995).A[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.@ *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain Adetailed factual allegations,@ but it demands Amore than an unadorned, the defendant-unlawfully-harmed-me accusation.@*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers Alabels and conclusions@ or Aa formulaic recitation of the elements of a cause of action will not do.@ *Id.* Nor does a complaint suffice if it tenders Anaked assertion[s]@ devoid of Afurther factual enhancement.@ *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to Astate a claim to relief that is plausible on its face.@*Id.,* at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

Citibank maintains that Ardoin's claims are time barred. Ardoin's claims against Citibank involve reporting errors which he maintains are violations of the Fair Credit Reporting Act ("FCRA"). Citibank is a furnisher of credit information. Citibank provides information to consumer reporting agencies who then create and publish reports about consumers such as Plaintiff.

Ardoin applied and received a Sears Mastercard from Citibank; he made his monthly payments and was not thirty days late on any payments.  Ardoin maintains that Citibank erroneously reported to the consumer reporting agencies that he had multiple time thirty-day late payments and eventually a charged off account. This erroneous reporting led Equifax, Experian and Trans Union to give Ardoin a negative or adverse credit rating.

From March 2017 to May 2020, Ardoin lodged at least 42 disputes to Equifax, Experian and Trans Union regarding the erroneously reported Citibank Sears credit card. Citibank maintains that Ardoin's claims that it willfully and/or negligently violated Section 1681s-2(b) of the FCRA is time barred.  Citibank argues that the limitations period for a claim under the FCRA is the earlier of two years after the date of discovery by the plaintiff of the violation or five years after the date on which the violation occurred 15 U.S.C. § 1681p.

Citibank notes that Ardoin alleges that he first disputed the information to Equifax on March 18, 2017, Trans Union on March 22, 2017, and Experian on June 20, 2017. Section 1681(a)(2) provides that a consumer reporting agency must, within five business

days of receiving a notice of a dispute from a consumer, provide notice of the dispute to the person who provided the information in dispute. 15 U.S.C. § 1681i(a)(2). Section 1681s-2(b) requires a furnisher of information to conduct an investigation if and only if the furnisher receives notice of a dispute from a consumer reporting agency pursuant to Section 1681(a)(2). Hence, Citibank asserts that assuming the consumer reporting agencies notified Citibank of Plaintiff's dispute in accordance with Section 1681i(a)(2), Citibank would have been required to conduct an investigation within thirty (30) days of receiving such notice. 15 U.S.C. § § 1681(a)(1), 1681s-2(b)(2). Citibank notes that Ardoin does not allege that he notified Citibank of the disputed late payments.

Citibank asserts that Ardoin knew as early as March 18, 2017, thus he knew of the alleged violation that is the basis for his FCRA claims against Citibank no later than July 2017, which is approximately thirty-five days after Ardoin delivered the last of his initial notices to Experian. Citibank argues that Ardoin's claims are time barred because the statute of limitations began to run in late July 2017 and expired in mid-2019. Ardoin filed suit on June 25, 2020.

Citibank discounts Ardoin's subsequent additional notices and argues that these notices did not restart the limitations period, citing *Bittick v. Experian Information Solutions, Inc.,* 419 F.Supp.2d 917, 919 (N.D. Tex. Feb. 8, 2006)(additional complaints regarding the same allegedly inaccurate information "cannot restart the limitations clock" under the FCRA because "[t]o do so would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency." See also *Hancock v. Charter One Mortg.,* 2008 WL 2246042, at *2 (E.D. Mich.

May 30, 2008) (rejecting the argument that additional reports restart the statute of limitations clock and stressing "[a] perpetual statute of limitations not intended by the FCRA would be the result if the Court adopted [plaintiffs'] argument; claim is barred by the statute of limitations set forth in § 1681p). *Blackwell v. Capital One Bank,* 2008 WL 793476, *3 (S.D. Ga. March 25, 2008) (adopting *Bittick* and stating that "[t]o allow [plaintiff's] claims to go forward based upon the subsequently submitted complaints would allow plaintiffs to indefinitely extend the limitations period and render it a nullity.")

Ardoin argues that each time he reported the error to the consumer reporting agencies, those agencies were required pursuant 15 U.S.C. § 1681i to perform reasonable investigations of his disputes and forward the disputes to Citibank. 15 U.S.C. § 1681s-2(b) requires furnishers such as Citibank to perform their own reasonable investigations of the dispute. If the furnisher cannot verify that the information is accurate, the furnisher is required to instruct all consumer reporting agencies to whom it reported the erroneous information to delete or correct the errors on the consumers' credit reports. 15 U.S.C. § 1681s-2(b). Ardoin argues that each failure of the furnisher to perform a reasonable investigation of a dispute is a violation of § 1681s-2(b). *Johnson v. MBNA America Bank, NA*, 357 F.3d 426 (4th Cir. 2004). 15 U.S.C. § 1681p provides that the limitations period for each violations of the Fair Credit Reporting Act is the "earlier of-

   (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

   (2) 5 years after the date on which the violation that is the basis for such liability occurs."

Ardoin asserts that he lodged 42 disputes of Citibank's erroneous reporting to Defendants Equifax, Experian and Trans Union and upon receipt of each dispute, Citibank was required by § 1681s-2(b) to perform a reasonable investigation of the dispute within thirty days of receipt. In other words, each time Citibank received Ardoin's notification of a dispute, Citibank was required by § 1681s-2(b) to reasonably investigate each of the 42 disputes it received regarding Ardoin's Citibank account.

Ardoin maintains that he had at least two years (and possibly five) from the date of each violation of § 1681s-2(b) to sue for that particular violation. Ardoin argues that the statute of limitations is triggered by either the discovery of or date of the violation that is the basis for such liability, which is each failure to properly investigate the dispute that triggered the duty to investigate. Ardoin further argues that each violation triggers a separate and distinct statute of limitations during which the plaintiff must sue regarding that violation, instead of the discovery or occurrence of the first violation triggering a limitations period for all violations that occur later. See e.g. *Thomas v. Wells Fargo Bank,* 2018 WL 3719589 (N.D. Ga. 2018) (citing *Broccuto v. Experian Information Solutions, Inc., et al.* 2008 WL 1969222, at *3 (E.D. Va. 2008) (subsequent disputes create their own limitations periods even if they concern previously discovered and previously disputed FCRA violations).

Ardoin relies on cases he contends have determined that each failure of a furnisher to comply with § 1681s-2(b) constitutes a new violation of the FCRA subject to its own limitations period. In *Marcinski v. RBS Citizens Bank, N.A.*, 36

F.Supp.3d 286, 287 (S.D.N.Y. 2014), the court held that each alleged failure of Defendants to comply with their FCRA obligations constitutes a separate FCRA violation, even though the violations stem from the same allegedly false or inaccurate credit information. The FCRA explicitly states that the obligations of a furnisher of information arise upon receipt of notice of a consumer's dispute from a credit reporting agency. 15 U.S.C. § 1681s-2(b)(1). Thus, "each separate notice of dispute triggers a duty to investigate the disputed information, *regardless of whether the information has been previously disputed.*  Id. at 290, (emphasis added).

The Court agrees with Ardoin that new disputes create new duties on Defendants to investigate, and each failure by Defendant to do so creates its own limitations period. "It is the failure to act as prescribed by the statute after receiving notice of a dispute which creates the cause of action" under § 1681s-2(b). See 2008 WL 1969222, at *3. Therefore, furnishers such as Citibank can be sued for violations that occurred within two years prior to suit.

## CONCLUSION

For the reasons set forth above, the Court will deny Citibank's Motion to Dismiss.

**THUS DONE AND SIGNED** in chambers on this 8th day of October, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**